514 So.2d 577 (1987)
STATE of Louisiana
v.
Teddy J. ROUSSELLE.
No. KA-3791.
Court of Appeal of Louisiana, Fourth Circuit.
October 7, 1987.
*578 William J. Guste, Jr., Atty. Gen., New Orleans, Darryl W. Bubrig, Sr., Dist. Atty., Pointe-A-La-Hache, Gilbert V. Andry, III, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Robert E. Lee, New Orleans for defendant-appellant.
Before GARRISON, BARRY and WARD, JJ.
GARRISON, Judge.
The defendant, Teddy Rousselle, was charged by bill of information with cruelty to a juvenile, a violation of LSA-R.S. 14:93. After waiving his right to a trial by jury, the defendant was found guilty as charged by the trial judge. The defendant was later sentenced as a multiple offender to fifteen years at hard labor. He now appeals his conviction and sentence.
On September 11, 1984, Loretta Mathews and the defendant, Mathews' boyfriend with whom she lived, brought Mathews' thirteen month old daughter, Elizabeth, to the Charity Hospital Emergency Room in New Orleans for bruises and a hematoma on her head and for seizures. Dr. Nahed Assaad examined the child and found a hematoma on her head, bruises on her face, back and buttocks and lesions inside of her mouth. Because Dr. Assaad suspected child abuse, he ordered x-rays to be taken of the child. These x-rays indicated that the child also had healing fractures in both wrists. Tests conducted on the child's brain indicated an affection; therefore, Dr. Assaad consulted a pediatric neurologist who diagnosed that the child had suffered focal seizures. Medication was then given to the child to prevent more seizures and the child was kept at the hospital for observation for eight days.
At the hospital, Loretta Mathews told the doctor that the child's injuries had been caused because the child was highly active and often got hurt while running too quickly. Later, Mathews recanted her version of the injuries given at the hospital and told a police detective that the defendant was responsible for the child's injuries. Mathews claimed that she lied initially out of fear of the defendant who had allegedly beaten her in the past.
At trial, Mathews testified that the defendant would often slap the child when she cried in her playpen. In another instance, while riding in a car, the defendant repeatedly slapped the child in the face because of her refusal to be quiet. Mathews also testified that one day when the defendant was sick and at home, the child started crying and when Mathews walked into the room, the defendant was holding the child down on the bed and punching her in the face. The defendant later attempted to apply ice to the child's bruises caused by the punching but when she refused to remain still, he became angered, put the child face down on a towel filled with ice and tied the child's feet and arms behind her *579 back. After this incident, the child refused to eat or drink. The couple finally took the child to the hospital when Mathews noticed that the child had a soft spot on her head and that the child's eyes were rolling in her head.
In the first assignment of error, defendant argues that the trial court erred in overruling his objection to allegedly leading questions asked by the State to its witness, Loretta Mathews. Because the defendant did not brief this assignment of error, it is deemed abandoned on appeal. Uniform Rules, Courts of Appeal Rule 2-12.4.
In the second assignment of error, the defense argues that the trial court erred in not allowing State witness Loretta Mathews to answer, on cross-examination, the theoretical question of whether a car seat used to transport her child could have caused some of the child's injuries. Because this witness was not qualified as an expert, the trial court properly sustained the State's objection to this question because a non-expert witness can only testify as to facts within her knowledge and cannot give an opinion. LSA-R.S. 15:463.
Thirdly, the defendant argues that the trial judge erred in sustaining the State's objection to certain testimony given by the defendant's mother, Joan McDonald. The State's objection was based on the argument that the testimony was hearsay and improper impeachment of a State witness.
The questionable testimony concerned the night that the child was brought to the hospital. Earlier that evening, Mathews and the defendant were at McDonald's house and they showed McDonald the soft spot on the child's head. When McDonald asked Mathews what had happened to the child, Mathews responded as follows, according to McDonald's testimony:
"Well today, when I was washing the baby, she was irritable and cross and she didn't want to take her bath." And she said, "So I picked her up and said, `Little girl, you are going to take your bath or else.'"
At that point, the State objected and this objection was sustained.
We conclude that the trial judge erred in sustaining the State's objection to McDonald's testimony made on the basis of hearsay and improper impeachment of a State witness. Because McDonald's statements were being offered to show the contents of her conversation with Mathews and not to show the truth of what had been said, the hearsay objection was without merit. State v. Shoemaker, 500 So.2d 385 (La.1987).
The State's objection, made on the basis of improper impeachment, was also without merit in that there was no indication that this testimony was being offered by the defense for the purpose of impeaching the credibility of Loretta Mathews. The defense was merely attempting to present their version of the facts and should have been allowed to do so.
In not allowing McDonald to complete her version of the facts in this case, it can be surmised that the defendant may have been prevented from presenting a defense, i.e. McDonald's possible implication of Mathews in this crime. However, because the defendant did not make any showing of prejudice and did not specifically allege that he was denied the opportunity of presenting a defense, the refusal of the trial judge to allow McDonald to complete her testimony was harmless error.
In the fourth and sixth assignments of error, the defendant claims that the evidence presented at trial was insufficient to convict the defendant. Specifically, he argues that the State failed to establish that the defendant was over seventeen years of age at the time of the crime, an essential element of the crime of cruelty of a juvenile.
For a conviction of the crime of cruelty to a juvenile, the following elements must be established:
1) that the defendant was over the age of seventeen;
2) that the victim was under the age of seventeen;

*580 3) that the victim was caused unjustifiable pain or suffering; and that the defendant intentionally mistreated or neglected the victim, or
4) that the defendant was criminally negligent in her mistreatment or neglect of the child. LSA-R.S. 14:93.
Although the State did not offer any direct evidence as to defendant's age, testimony by Loretta Mathews and Joan McDonald, defendant's girlfriend and mother respectively, established that defendant was employed by the Belle Chasse Fire Department and had been on "ambulance duty" on the day before the evening that Elizabeth Mathews was taken to the hospital. Although this evidence is circumstantial, it allows for the reasonable inference that the defendant had to be over the age of seventeen to qualify to hold such a job.
The evidence clearly establishes the other elements of this crime. The victim's mother testified that the victim was thirteen months old at the time of the offense. The fact that the victim was caused unjustifiable pain and suffering was clearly evidenced by the many bruises and fractures on the child and the seizures suffered by the child. Testimony also showed that the defendant intentionally mistreated the child by slapping her, punching her and by placing her face down on a towel containing ice with her hands and feet tied. Therefore, viewing the evidence in the light most favorable to the prosecution, the fact finder could have concluded that the defendant was guilty beyond a reasonable doubt of cruelty to a juvenile. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
In his final assignment of error, the defendant argues that he was erroneously adjudged as a habitual offender because the predicate offense used to enhance his sentence for the instant offense was committed more than five years before the instant offense. In the statute which provides for the enhancement of sentences of habitual offenders, LSA-R.S. 15:529.1, Section C provides as follows:
"C. This Section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said five year periods."
The Louisiana Supreme Court has interpreted the five year cleansing period to mean that a sentence may not be enhanced if five years have elapsed between the date of defendant's discharge from supervision for the predicate offense and the date of the commission of the offense resulting in defendant's instant conviction. State v. Vincent, 387 So.2d 1097 (La.1980).
In this case, defendant's prior conviction occurred in 1979. He was sentenced to six years at hard labor but his sentence was suspended and he was placed on six years active probation. Therefore, because the defendant was not even discharged from supervision at the time of the instant offense in 1984, the five year cleansing period of 15:529.1(C) had not yet begun to run. Thus, the trial judge properly used the defendant's 1979 conviction as a predicate in enhancing defendant's sentence for the instant conviction.
In the second part of this assignment, the defendant argues that his sentence of six years probation for his 1979 conviction violates LSA-C.Cr.P. art. 893(A) which limits a probation period to five years. If the defendant wishes to attack the legality of his sentence for this earlier conviction, he should seek post-conviction relief in the trial court which issued this sentence.
For the reasons stated above, the defendant's conviction and sentence are affirmed.
AFFIRMED.
BARRY, J., dissents with written reasons.
*581 BARRY, Judge, dissenting.
I disagree with the majority's conclusion on the exclusion of certain testimony by the defendant's mother, Joan McDonald. The majority states that the "defense was merely attempting to present their version of the facts and should have been allowed to do so." However, the majority concludes that this was harmless error because the defendant "did not make a showing of prejudice and did not specifically allege that he was denied the opportunity of presenting a defense."
In determining whether an error is harmless the relevant query is whether there is a reasonable possibility that the evidence might have contributed to the conviction. State v. Seward, 509 So.2d 413 (La.1987).
It is obvious that the defendant was denied the opportunity to present a defense, i.e., that someone else was responsible for the child's injuries. No other testimony indicates that the mother threatened the child. If the evidence had been admitted the trier of fact could have determined its credibility.
Under these circumstances, I cannot conclude that there was no reasonable possibility that the evidence (had it been presented) might have contributed to the conviction. See also State v. Shoemaker, 500 So.2d 385 (La.1987); State v. Jackson, 419 So.2d 425 (La.1982) on rehearing.
The conviction should be reversed and the case remanded for a new trial.