SMITH, Justice,
for the Court:
Calvin Washington prosecutes this appeal from his conviction of sexual battery entered in the Circuit Court of Sharkey County. Washington was sentenced to serve sixteen years in the custody of the Mississippi Department of Corrections.
Washington argues that the verdict of the jury was against the overwhelming weight of the evidence and a product of bias and passion.
Washington also contends that the trial court erred in denying his motion for judgment of acquittal notwithstanding the verdict or, in the alternative, for a new trial, because the State failed to prove the prosecuting witness was under fourteen years of age.
There was no direct oral testimony presented to the jury from which a reasonable, hypothetical juror could find that F.M. was under fourteen years of age. The State argues that nevertheless, a jury could successfully make a determination of age from their own ocular perception alone of the “very small stature,” youthful witness who testified at trial. The State also claims that this physical appearance of F.M., standing alone, enabled the fact finders to conclude beyond a reasonable doubt that her age was well below the age of fourteen that the State was required to prove in accordance with Miss.Code Ann. § 97-3-95 (Supp.1993).
However, the ultimate problem with the State’s argument is the failure of the prosecutor to put on reviewable proof of age, when age is an essential element of the crime. In the case at bar, we are offered only comments by the trial judge of his personal observations of F.M.’s appearance as expressed in the trial transcript. The record also contains comments concerning F.M. expressed by the prosecutor as well as defense counsel. All such comments were out of the jury’s presence. In rare cases such as this, when there is a clear absence of oral proof and any supporting documentary proof of age of the victim, when age is an essential element of proof, a record of the physical appearance should have been made by photography or other suitable means to preserve reviewable proof of age for appellate purposes.
The failure of the weight of the evidence and the failure of the State to provide any form of reviewable proof of the age of the victim, when age was an essential element of proof, necessitates that we reverse and remand for a new trial.
FACTS
Calvin Washington, the defendant, and Vanilla McDonald, a single mother of four children, lived together in a rented two-room home in Rolling Fork, Sharkey County, Mississippi. During the late morning hours on August 18, 1990, Vanilla McDonald left the children, including seven (7) year old F.M., in the care of two teenage girls, Angela Phillips and her cousin, Jennifer Phillips. Calvin Washington was also present at the house with Angela, Jennifer, and Vanilla’s four children.
Angela, Jennifer and the children were in the back bedroom while Washington was in the front living room. Washington summoned F.M. to the front room and closed the door. According to F.M., once she got inside the room, Washington got on top of her, and “[h]e made me suck his blank.”
F.M.’s testimony was corroborated by testimony from both Angela and Jennifer who observed the incident through a peephole in the door. Both girls testified unequivocally they saw F.M. and Washington engaged in fellatio.
*917 According to Angela, she was about to enter the room to see what Washington was doing to F.M. She peeped through a hole in the door and observed F.M. in bed with Washington who was wearing only his undershorts. Specifically, Angela testified: “I was fixing to go in there and see what he was doing to her and I peeked through the hole in the door. And he had her in the bed with him and she was sucking on him.” There was no doubt in Angela’s mind that F.M. was sucking Washington’s penis.
Angela summoned Jennifer to the peephole where Jennifer looked and observed the same thing. Jennifer then left the house and located Vanilla McDonald. McDonald entered the room with a stick and hit Washington over the head. She testified she moved out of the house that day but later moved back in because she was the one paying the rent. McDonald also testified that Washington had recently told her if she did not drop the charges he would kill both her and the kids.
The defendant testified in his own behalf and denied he had done anything to F.M. Washington claimed that Vanilla McDonald concocted the story and told F.M. what to say. He denied he ever threatened to kill Vanilla McDonald and the children.

DISCUSSION

Washington contends the State failed to prove that F.M., a seven (7) year old second grader, was under fourteen (14) years of age. While conceding there was no direct oral testimony concerning the age of the youthful victim, the State argues that because F.M. testified during trial, the jury could sufficiently determine, from an inspection of the prosecuting witness alone, whether she was under fourteen years of age. The State also points to the fact that since Vanilla McDonald left her children with “teenage” babysitters, the jury could reasonably infer that teenage babysitters would have been unnecessary had F.M. been over fourteen (14) years of age. According to the State, no reasonable, hypothetical juror could have mistaken a small seven (7) year old second grader for a child fourteen (14) years of age or older.
Miss.Code Ann. § 97-3-95, which defines the offense of sexual battery, states, inter alia, that “[a] person is guilty of sexual battery if he or she engages in sexual penetration with: ... (c) A child under the age of fourteen (14) years.” (emphasis added).
Miss.Code Ann. § 97-3-97 defines sexual penetration:
(a) “Sexual penetration” includes cunnilingus, fellatio, buggery .or pederasty, any penetration of the genital or anal openings of another person’s body by any part of a person’s body, and insertion of any object into the genital or anal openings of another person’s body, [emphasis supplied]
Penetration is the very essence of the crime of sexual battery. Thompson v. State, 468 So.2d 852, 853 (Miss.1985); West v. State, 437 So.2d 1212, 1213 (Miss.1983). See also, Johnson v. State, 626 So.2d 631 (Miss.1993).
The indictment in this case alleged, inter alia, that Washington engaged in sexual penetration with F.M., “a female child the age of 7 years by penetrating her mouth with his penis (fellatio).” Although none of the State’s substantive instructions required the jury to find that the victim was under fourteen (14) years of age, jury instruction D-10 required the jury to find beyond a reasonable doubt “that F.M. was under the age of fourteen (14) years....”
At the close of all the evidence, and upon the court’s approval of D-10, defense counsel stated: “[L]et me make another objection, correct me if I am wrong, but I don’t believe the State ever proved how old the child was.” The court overruled the objection with the following observations:
BY THE COURT: I am going to overrule that objection, uh, I am not sure that it was out in front of the jury, her age. I cannot recall all the testimony, and I brought it out, but the Jury was absent when I brought it out when I was qualifying her. I don’t know if I brought her age out, but I asked her if she was in the second grade. The Court feels that due to the child’s very small stature and such, the jury can observe her and make them own determination of her age. I maybe [sic] wrong, but they can’t take judicial notice, *918 but with common knowledge of the child’s small stature as being under the age of fourteen, of tender years. I am overruling it at this time.
Washington filed a motion for a new trial or, in the alternative, for judgment of acquittal notwithstanding the verdict. Ground II of his post-trial motion alleged that “[t]he Court erred in failing to grant Defendant’s Motion For Directed Verdict because the State did not prove all the elements of the crime charged[,] in particular the age of the alleged victim.” This motion was subsequently overruled.
“It is hornbook criminal law that before a conviction may stand the State must prove each element of the offense.” Neal v. State, 451 So.2d 743, 757 (Miss.1984). Due Process requires that the State prove each element of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560, 576-77 (1979). See also Carlson v. State, 597 So.2d 657, 659 (Miss.1992). “[T]here must be in the record evidence sufficient to establish each element of the crime.” Fisher v. State, 481 So.2d 203, 211 (Miss.1985), and the cases cited therein.
In a prosecution for sexual battery, the age of the victim is an essential element of the offense that must be alleged and proved. In Burchfield v. State, 277 So.2d 623, 625 (Miss.1973), a prosecution for violating the statute proscribing the crime of “peeping”, we held that “the fact that the accused is a ‘male person’ is an essential or substantive element of the crime which must be charged on the face of the indictment and proved at the trial.” We relied, in part, upon our holding in Love v. State, 211 Miss. 606, 52 So.2d 470 (1951), where an indictment for indecent assault on a female child under thirteen (13) years of age failed to charge that Love was “a male person above the age of eighteen years.” We held that “the fact that defendant is a male person above the age of eighteen years is a sine qua non of the crime” and that therefore the indictment was fatally defective for failure to contain a charge of that necessary element.” However, we need not concern ourselves with the language of Washington’s indictment because his indictment contains all of the necessary elements of the crime charged against him.
All references to F.M.’s age, the fact that she was of tender years, the fact that she was in the second grade, were made outside the jury’s presence. The State contends that the statements made outside the jury’s presence confirm what the jury could obviously see and hear for themselves when F.M. testified. In support of its argument, the State cites Jewell v. Com., 8 Va.App. 353, 382 S.E.2d 259, 261 (1989) wherein that court stated:
It is generally recognized that a defendant’s physical appearance may be considered by a jury in determining his or her age. Some courts, however, require other evidence of the defendant’s age in addition to his appearance when ‘the record does not reflect that the person whose age must be proved falls into a marked extreme.’(citations omitted).
The State in further support of its argument cites State v. Rousselle, 514 So.2d 577 (La.App. 4 Cir.1987), wherein the Louisiana Appellate Court in upholding the conviction of an adult male on a charge of cruelty to a juvenile even where there was no direct testimony establishing the defendant’s age, held:
Although the State did not offer any direct evidence as to defendant’s age, testimony by Loretta Mathews and Joan McDonald, defendant’s girlfriend and mother respectively, established that defendant was employed by the Belle Chasse Fire Department and had been on ‘ambulance duty’ on the day before the evening that Elizabeth Mathews was taken to the hospital. Although this evidence is circumstantial, it allows for the reasonable inference that the defendant had to be over the age of seventeen to qualify to hold such a job.
Id. at 580.
Evidence text writers point out that jury views, demonstrations and the like have long-been a part of our jurisprudence and reject contrary arguments pertaining to jury visual inspections alone being insufficient to establish age. This is true despite the fact that reproduction for appellate review has been *919 problematic. See, e.g., 2 Wigmore, Evidence § 222 (Chadabourn rev. 1970).
In criminal cases, where there is a need to establish the age of the defendant, the search for truth may be completely frustrated where, for example, the defendant cannot be identified with certainty. Surely, a jury may be allowed to determine from visual inspection that one who appears to be sixty is not a juvenile. The reported cases generally deal with a defendant’s age. It is rare that there would be difficulty determining the age of a victim, given the incentive to cooperate for the victim or the victim’s family. It is not surprising, then, the difficulty experienced in attempting to find case authority where the victim’s age was an essential element of the crime and the prosecution relied upon the victim’s appearance alone.
The references to the attorneys and judge agreeing that the child is under the age of fourteen is a separate and irrelevant question from whether the state put on proof, before the jury, sufficient to sustain a verdict that beyond a reasonable doubt, the victim was under the age of fourteen.
The only evidence which the jury saw or heard concerning the age of the victim was their actual sight of the victim while she testified. The inference of the victim’s age from the mere fact that she had teenage babysitters, as alluded to by the State, is insufficient to sustain a verdict that the victim was below the age of fourteen (14) beyond a reasonable doubt.
This Court has no way to confirm the various comments in the record, made out of the jury’s presence, because the State has failed to place anything in the record to enable this Court to review the “ocular and auditory” aspect of the proof as to this matter.
Neither can this Court take seriously the State’s suggestion that we redefine the crime, by concluding that the age element is trivial. Crimes such as statutory rape and sexual assault, in the instant case are defined by the ages of the persons involved. The age of the victim “makes or breaks” the conviction. The prosecution’s failure to offer proof as to this element in sexual assault cases parallels the situation in which the prosecution fails to offer proof that an alleged victim of a murder is in fact dead. Such proof is usually easy to come by. But if the prosecution does not bring it before the jury, it has not overcome the presumption of innocence.
In the instant case, the right to a trial by jury has been violated. It is not consistent with the court’s authority nor its role to make a finding of fact in a criminal case. Even if judicial notice were taken as to this element of the crime, the question of whether there was evidence beyond a reasonable doubt proving the age of the victim would still be for the jury to decide. M.R.E. 201(g) (even though the court may instruct the jury to conclude the existence of matters judicially noticed in a civil case, the jury may or may not accept a judicially noticed matter in a criminal trial). In the case sub judice, the trial court did not take judicial notice of the victim’s age, nor instruct the jury accordingly. The trial court’s conclusion of fact is an invasion of the jury’s province, in violation of Washington’s right to a fair trial.
The State, as prosecutor, is bound by law to prove beyond a reasonable doubt every element of the crime. The State, as well as this Court, is as much bound by U.S. Const, Amend. V, as citizens such as Washington are bound • by Miss. Code Ann. § 97-3-95 (Supp.1992). There is no question that the Constitution’s supremacy precludes conviction under a criminal statute until the State, ■ not the judiciary, meets the burden of proof, and until a jury, not the court, decides that the burden has been met.
Washington’s final motion challenging the verdict was for a new trial, which May v. State, 460 So.2d 778 (Miss.1984), states is a challenge not to the sufficiency of the evidence, but to the weight of the evidence:
While the motion for judgment of acquittal notwithstanding the verdict presents to the trial court a pure question of law, the motion for a new trial is addressed to the trial court’s sound discretion. Neal v. State, 451 So.2d 743, 760 (Miss.1984). When he moves for a new trial, a defendant in a criminal case necessarily invokes Rule 5.16 of our Uniform Criminal Rules of *920 Circuit Court Practice which in pertinent part provides:
The court on written notice of the defendant may grant a new trial on any of the following grounds:
(1) if required in the interest of justice;
(2) if the verdict is contrary to law or the weight of the evidence; ....
As distinguished from the j.n.o.v. motion, here the defendant is not seeking final discharge. He is asking that the jury’s guilty verdict be vacated on grounds related to the weight of the evidence, not its sufficiency, and may be retried consistent with the double jeopardy clause. Tibbs v. Florida, 457 U.S. 31, 39, 102 S.Ct. 2211, 2217, 72 L.Ed.2d 652, 659-60 (1982).
May, 460 So.2d at 781.
As to the issue of the victim being under fourteen (14), the evidence in the record as tried before the jury and now before this Court is non-existent or at least so small that, the verdict is “contrary to law or the weight of the evidence.” Rule 5.16 Unif. Crim.R.Cir.Ct.Prac. Because minuscule evidence was presented on this vital element, it is not clear to this Court that the jury, in fact, made a finding that the victim was under the age of fourteen (14). Hence, the verdict is contrary to the weight and also the law. Therefore, the trial court erred in refusing Washington’s motion for a new trial. As an accused has been convicted of all but one element of the charge, a new trial is “required in the interest of justice.” Rule 5.16 Unif.Crim.R.Cir.Ct.Prac.
This Court would be in violation of its role of impartiality as well as the Constitution’s restriction on abusive authority, if it adopted the argument of the State and fashioned a remedy for an apparent failure on the part of the State’s attorney. Even though it appears to be a reasonable inference that Washington would have been convicted but for the State’s failure, such a conclusion is a violation of the legal presumption that Washington is innocent until proven guilty.
The fact that establishing a victim’s age is rarely a problem for the prosecutor suggests that as a matter of policy, this Court should not routinely approve convictions where the State fails to put on renewable proof of age, when age is an essential element of the crime. In fact, proof of age in the case at bar only would have required asking F.M. one simple question: “How old are you?” It is rather apparent to this Court that the State simply left out this essential element of proof.
In spite of this failure at trial, the State had several alternatives that could have been pursued once noticed by the defense that it had failed to prove F.M.’s age. The State could have moved the court to re-open its case-in-chief, but it did not make such a request. Subsequent to that, the State could have elected to supplement the record, but also failed to request that available option.
These premises compel reversal of Washington’s conviction. The law requires reversal, and remand for a new trial is the only proper course of action for this Court.
REVERSED AND REMANDED.
HAWKINS, C.J., PRATHER, P.J., and PITTMAN, BANKS and JAMES L. ROBERTS, Jr., JJ., concur.
SULLIVAN, J., concurs in part, dissents in part with separate written opinion joined by DAN M. LEE, P.J., and McRAE, J.