GRIFFIS, P.J.,
for the Court:
¶ 1. Lee Darrel Nix appeals the circuit court’s denial of his motion for post-conviction collateral relief. He argues that the circuit court improperly found that the State had met its burden to prove the age of the victim in this case. We find that Nix waived this issue when he failed to raise it in his direct appeal to the Mississippi Supreme Court. Accordingly, the circuit court’s denial of post-conviction collateral relief is affirmed.
FACTS
¶ 2. Nix was charged with touching a child for lustful purposes in violation of Mississippi Code Annotated section 97-5-23(1) (Rev.2006) and kidnapping in violation of Mississippi Code Annotated section 97-3-53 (Supp.2011). The jury found Nix guilty of both crimes. He was sentenced to serve two consecutive ten-year terms in the custody of the Mississippi Department of Corrections.
¶ 3. Nix appealed his conviction to the Mississippi Supreme Court. He presented two assignments of error: (1) his counsel was ineffective, and (2) the verdict was against the overwhelming weight of the evidence. Nix v. State, 8 So.3d 141, 142 (¶ 1) (Miss.2009). The supreme court found no error and affirmed Nix’s conviction. Id. at (¶ 2).
¶ 4. Nix then sought permission from the supreme court to file a motion for post-conviction collateral relief in the circuit court. See Miss.Code Ann. § 99-39-7 (Supp.2011). The supreme court granted Nix’s request. The circuit court was ordered to conduct a hearing “limited to Nix’s issue regarding proof of the victim’s age on September 25, 2005, as it pertains to his conviction of [tjouching a [cjhild for [ljustful [pjurposes.”
¶ 5. Nix filed his motion, and the circuit court held a hearing solely to determine whether the State had met its burden at trial of proving the age of the minor victim. The State presented evidence from *48 the record to prove that the date of the incident was September 25, 2005. However, the State could only show two instances in the record where witnesses testified about the victim’s age.
¶ 6. First, the victim testified that she was seventeen years old on January 9, 2007—the day of trial. Second, Officer Kit Manning of the Biloxi Police Department testified that, when he arrived on the scene on September 25, 2005, he spoke with the victim, whom he described as a “[fourteen]- or [fifteen]-year-old black female.”
¶ 7. The State argued that these statements constituted sufficient evidence to prove that the victim was fifteen years old on September 25, 2005. The circuit court agreed. It concluded that “[w]hile the jury was never told the victim’s birthday at the trial, her age was mentioned several times[,] and the Defendant never objected. In fact, defense counsel even referenced that the victim’s age was fifteen years old on the night of the incident.” Thus, Nix’s motion for post-conviction collateral relief was denied.
STANDARD OF REVIEW
¶ 8. A circuit court’s denial of post-conviction collateral relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
ANALYSIS
¶ 9. Nix’s current attack of his conviction is governed by the Mississippi Uniform Post-Conviction Collateral Relief Act, codified in Mississippi Code Annotated sections 99-39-1 to -29 (Rev.2007 & Supp.2011). “The Post-[C]onviction Collateral Relief Act provides a procedure limited in nature to review those matters which, in practical reality, could not or should not have been raised at trial or on direct appeal.” Foster v. State, 687 So.2d 1124, 1129 (Miss.1996).
¶ 10. In fact, the Act itself limits the issues that may be raised on collateral attack and includes the following waiver:
Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be proeedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.
Miss.Code Ann. § 99-39-21(1) (Rev.2007).
¶ 11. Here, Nix’s claim that challenges the victim’s age could have been made at trial and on direct appeal. Thus, he must show cause and actual prejudice to be granted relief from the waiver.
¶ 12. The term “cause” is “limited to those cases where the legal foundation upon which the claim for relief is based could not have been discovered with reasonable diligence at the time of trial or direct appeal.” Miss.Code Ann. § 99-39-21(4). The issue now raised by Nix was certainly ripe for review on direct appeal; the question of whether there was sufficient evidence to prove the victim’s age could have been discovered with reasonable diligence at the time of trial or direct appeal.
¶ 13. The supreme court considered this issue in Woodward v. State, 635 So.2d 805, 807 (Miss.1993). In the petitioner’s motion for post-conviction collateral relief, he raised a Fourth Amendment objection to the admission of illegally obtained evidence. Id. Woodward had not raised the issue on direct appeal. Id. The supreme *49 court, citing the definition of “cause” in section 99-89-21(4), held that the issue was barred by the waiver in section 99-39-21(1). Woodward, 635 So.2d at 807. The supreme court stated:
Woodward cannot meet the test of cause. Here, the basis of the Fourth Amendment objection to the admission of illegally obtained evidence is certainly by now deeply rooted and well known. This Court has a long tradition of reversing convictions based on the admission of illegally obtained evidence.
Id. (citation omitted).
¶ 14. Similarly, objections to the sufficiency of the State’s proof on an essential element of the crime charged are routinely raised at the trial level and on direct appeal. Because Nix failed to raise the issue of the victim’s age, he cannot show cause, and the waiver in section 99-39-21(1) applies. The circuit court reached the right result in denying Nix’s request for post-conviction collateral relief; therefore, the judgment of the circuit court is affirmed.
 ¶ 15. As additional grounds to deny the relief sought, we note that “[t]he term ‘actual prejudice’ as used in this section shall be defined and limited to those errors which would have actually adversely affected the ultimate outcome of the conviction or sentence.” Miss.Code Ann. § 99-39-21(5). Here, Nix would be required to show that this error would have adversely affected the outcome of his conviction. Id. To prevail on a motion for post conviction collateral relief, Nix had the burden to show that this error would have changed the result of his conviction. Miss.Code Ann. § 99-39-21(6). We interpret this to require Nix to present evidence of the victim’s actual age to show that he would be entitled to relief. He has not. We find no error in the circuit court’s judgment.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE, C.J., BARNES, ISHEE, ROBERTS, CARLTON, RUSSELL AND FAIR, JJ., CONCUR. IRVING, P.J., CONCURS IN RESULT ONLY. MAXWELL, J., CONCURS IN PART AND IN THE RESULT.