ON WRIT OF CERTIORARI

RANDOLPH, Presiding Justice,
for the Court:
¶ 1. On writ of certiorari, Lee Darrell Nix appeals a Court of Appeals judgment affirming the Circuit Court of Harrison County’s denial of his motion for post-conviction relief (PCR). Nix v. State (“Nix II”), 126 So.3d 46, 2012 WL 4875013, *1 (Miss.Ct.App. Oct.16, 2012). Nix was convicted of touching a child for lustful purposes and kidnapping. His conviction was unanimously affirmed by this Court on direct appeal. Nix v. State (“Nix I”), 8 So.3d 141 (Miss.2009). On PCR, Nix argues that the State failed to prove beyond a reasonable doubt an essential element of touching a child for lustful purposes — the victim’s age at the time of the offense. As with all post-conviction petitions, Nix bore the burden to show that he was entitled to relief. He failed to do so. As such, the trial court did not err in denying his petition. Finding no error, we affirm the judgment of the Court of Appeals and the Circuit Court of Harrison County denying post-conviction relief.

FACTS

¶ 2. For an account of the crime, review this Court’s opinion on direct appeal. See Nix I, 8 So.3d at 142-43. The pertinent procedural history of the case will be discussed infra.

ANALYSIS

¶ 3. “On post-conviction relief, we will not disturb the trial court’s findings unless they are found to be clearly erroneous.” Jackson v. State, 965 So.2d 686, 688 (Miss.2007) (citing Brown v. State, 731 So.2d 595, 598 (Miss.1999)). However, questions of law are reviewed de novo. Id.
¶ 4. Nix was indicted by a grand jury for touching a child for lustful purposes and kidnapping. As to the charge of touching a child for lustful purposes, the grand jury was required to find that probable cause existed, inter alia, that the “child ... was at the time in question under the age of sixteen (16) years.” Through its indictment, the grand jury found that sufficient facts existed to establish probable cause that the child was under sixteen.
¶ 5. At trial, the police officer who responded to the crime testified that, “[w]hen I first arrived, I spoke to [the victim], ... a 14 or 15-year-old ... female ....”[1] The officer’s testimony did not conflict with that of the victim — who testified that she was seventeen at the time of trial (more than fifteen months after the crime). The officer testified without objection, and his testimony regarding her age was not challenged or refuted.
¶ 6. Following the close of the State’s case-in-chief, Nix moved for a directed verdict. He argued that “the State ha[d] failed to prove beyond a reasonable doubt each and every material element of the charges against [him].” The victim’s age is an essential element of the crime of touching of a child for lustful purposes, yet *42 Nix did not argue that the victim was sixteen or older. The trial court denied Nix’s motion.[2]
¶ 7. The defense offered two witnesses, including Nix, and then rested, without contesting the age of the victim. In closing argument, defense counsel referred to the victim as a “fifteen-year-old girl[ ].”[3]
¶ 8. The case proceeded to the jury. The jury was properly instructed that it must find guilt as to each element of the offense “beyond a reasonable doubt[,]” including that the “child ... was at the time in question under the age of sixteen (16) years.” Based on the evidence presented and the trial court’s instruction that it must find that the victim was under the age of sixteen beyond a reasonable doubt, the jury convicted Nix of touching a child for lustful purposes. See Johnson v. State, 475 So.2d 1136, 1142 (Miss.1985) (citing Payne v, State, 462 So.2d 902, 904 (Miss.1984)) (“It is presumed that jurors follow the instructions of the court. To presume otherwise would be to render the jury system inoperable.”)
¶ 9. Subsequently, Nix filed his post-trial motion for judgment notwithstanding the verdict (JNOV). He again argued that the “evidence ... supporting the charge of Touching a Child for Lustful Purposes fell short of the standard of beyond a reasonable doubt on all elements of the crime.”[4] The trial court denied that motion.
¶ 10. Following the denial of his post-trial motion, Nix appealed his convictions to this Court. Nix argued “that the evidence presented could not support a finding that the prosecution had proven the elements of the offense charged beyond a reasonable doubt[,]” again without contesting the age of the victim. Nix I, 8 So.3d at 146 (emphasis added). This Court unanimously rejected that argument and affirmed Nix’s convictions. Id.
¶ 11. Now we turn to Nix’s appeal of the denial of post-conviction relief. Nix filed his “Application for Leave to File Motion for Post Conviction Collateral Relief,]” again arguing that the evidence presented by the State was insufficient to prove the elements of the offense of touching a child for lustful purposes — and for the first time arguing that the proof was insufficient as to the age of the victim. Out of an abundance of caution and to ensure that Nix’s conviction did not result in an unconscionable injustice, a panel of this Court granted Nix a hearing in the trial court to establish that the State had failed to present sufficient evidence at trial *43 that the victim was less than sixteen.[5] Nix filed his PCR in the trial court, and the State responded, contending that “based on the testimony ... there was sufficient evidence [at trial] to conclude that the victim was under the age of sixteen.” At the hearing, “[t]he burden of proof ‘[was] on [Nix] to show by a preponderance of the evidence that he [was] entitled to relief.’ ” Roach v. State, 116 So.3d 126, 131 (Miss.2013) (quoting Doss v. State, 19 So.3d 690, 694 (Miss.2009)). Nix failed to meet his burden. The trial court concluded that the jury received sufficient evidence through the police officer’s uncon-tradicted testimony which established age. The officer’s testimony did not conflict with the victim’s own testimony, and the jury was free to accept or reject it. Furthermore, Nix presented no other evidence that the child’s age was anything other than that which was presented to the jury at trial.[6] Thus, no unconscionable injustice was shown.

CONCLUSION

¶ 12. Based on the foregoing analysis, we find no error in the circuit court’s denial of Nix’s petition for PCR. Thus, we affirm both the judgments of the Court of Appeals and the Circuit Court of Harrison County denying post-conviction relief.
¶ 13. AFFIRMED.
WALLER, C.J., DICKINSON, P.J., LAMAR, PIERCE AND COLEMAN, JJ., CONCUR. KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS AND CHANDLER, JJ.

. "Age may be adequately proven by testimony.” Watson v. State, 100 So.3d 1034, 1038 (Miss.Ct.App.2012) (citing Wright v. State, 856 So.2d 341, 344 (Miss.Ct.App.2003)).

."[I]n the face of a motion for directed verdict or for judgment notwithstanding the verdict, the critical inquiry is whether the evidence shows 'beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed. Bush v. State, 895 So.2d 836, 843 (Miss.2005) (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)). However, this inquiry does not require a court to
ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.’ Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
Id. (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

. The jury was properly instructed that it should disregard any statements of counsel which ”ha[d] no basis in the evidence.” See Walker v. State, 913 So.2d 198, 240-41 (Miss.2005). Defense counsel's statement in closing did not conflict with any evidence presented to the jury.

. In his "Supplemental Argument” to his motion for JNOV, Nix contended that he "should be held responsible only for the lesser crime of touching a child for lustful purposes....”

. In its response to Nix’s motion before the trial court, the State offered that the victim's date of birth was December 27, 1989. It was undisputed that the incident occurred on September 25, 2005. Consistent with the testimony adduced at trial, the victim was under sixteen at the time of the crime.

. The dissent cites Washington v. State, 645 So.2d 915 (Miss.1994). In Washington, "no direct oral testimony [was] presented to the jury” by which it could conclude that the victim’s age met the statutory requirements. Id. at 916. We also note that the dissent would reverse and render this case, ignoring the proper disposition of the case upon which it relies, for the Washington Court reversed and remanded. Id. at 920.