KING, Justice,
dissenting:
¶ 14. Nix sought PCR based upon the failure of the State to establish at trial that the victim was less than sixteen years of age. Thus, the only burden of proof placed upon Nix was to establish that the State, at trial, failed to prove beyond a reasonable doubt the victim’s age at the time of the incident. By showing that the State had failed to prove the victim’s age at trial on the charge of touching a child for lustful purposes, Nix fulfilled his burden on post-conviction relief. Thus, I dissent.
¶ 15. On direct appeal, the Court addressed whether Nix’s conviction was against the overwhelming weight of the evidence. Nix v. State (“Nix I”), 8 So.3d 141 (Miss.2009). The Court stated, “Nix asserts that the evidence presented could not support a finding that the prosecution had proved the elements of the offense charged beyond a reasonable doubt.” Id. at 146 (¶ 23). However, the Court’s opinion failed to address one element of the offense—the victim’s age. See id. at 146 (¶¶ 23-27).
¶ 16. Nix was indicted under Mississippi Code Section 97-5-23(1), which provides, in part, that:
Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or *44 her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child’s consent ... shall be guilty of a felony....
Miss.Code Ann. § 97-5-23(1) (Rev.2006) (emphasis added). The State bears the burden to prove every element of the charged offense beyond a reasonable doubt. Washington v. State, 645 So.2d 915, 918 (Miss.1994). In this case, “the age of the victim is an essential element of the offense that must be alleged and proved.” Id.
¶ 17. In Washington, the defendant was charged with sexual battery of a child under fourteen years of age. Washington, 645 So.2d at 917. During trial, evidence regarding the victim’s age was presented outside the presence of the jury. Id. at 918. The defendant argued that the State had failed to prove the victim’s age. Id. at 917-18. The circuit court determined that, based on the seven-year-old child’s appearance, the jury could make a determination regarding her age. Id. On appeal, the Court rejected the circuit court’s reasoning, stating:
The age of the victim “makes or breaks” the conviction. The prosecution’s failure to offer proof as to this element in sexual assault cases parallels the situation in which the prosecution fails to offer proof that an alleged victim of a murder is in fact dead. Such proof is usually easy to come by. But if the prosecution does not bring it before the jury, it has not overcome the presumption of innocence .... The State, as prosecutor, is bound by law to prove beyond a reasonable doubt every element of the crime.... There is no question that the Constitution’s supremacy precludes conviction under a criminal statute until the State, not the judiciary, meets the burden of proof, and until a jury, not the court, decides that the burden has been met.
Id. at 919-20. Accordingly, the Court reversed the conviction. Id. at 920. Interestingly, in Nix II, the State conceded that “limited testimony was provided at trial regarding the victim’s age and that if the issue had been raised on direct appeal it probably would have been held to have merit.”
¶ 18. The majority incorrectly suggests that, in Nix I, the Court considered evidence regarding the victim’s age and denied Nix’s claim. Maj. Op. at 42. The Court conducted no analysis on this element. The only reference to the victim’s age was provided in the opinion’s fact section, where the Court incorrectly stated that the victim was fourteen years old on the date of the incident. It is mathematically impossible for the victim to have been fourteen years old on the date of the incident and, fifteen months later, to have been seventeen years old on the date of trial. The Court’s error highlights the State’s failure to put on sufficient proof of the victim’s age at trial.
¶ 19. The majority also incorrectly suggests that the Court’s order in Nix II, granting Nix leave to proceed on his motion for PCR, required Nix to prove the victim’s age, stating: “a panel of this Court granted Nix a hearing in the trial court to establish that the State had failed to present sufficient evidence at trial that the victim was less than sixteen.” Maj. Op. at 42. The Court’s June 15, 2010, order directed simply “that the trial court shall conduct a hearing, limited to Nix’s issue regarding proof of the victim’s age on September 25, 2005.... ” In his PCR, Nix alleged that the State had failed to prove the victim was less than sixteen years old as mandated by the statute. See *45 Miss.Code Ann. § 97-5-23(1) (Rev.2006). For Nix to prove that he was entitled to relief, he had to show only that the State had failed to present evidence before the jury which proved the victim’s age beyond a reasonable doubt. Because the victim’s age was an essential element of the crime charged, the burden of proof rested always with the State.[7] Washington, 645 So.2d at 918. And whether the State met its burden must be judged solely on the evidence placed before the jury. Id. at 919-20. Accordingly, any affirmative evidence of the victim’s age offered by the State during the PCR hearing is irrelevant and cannot be considered in determining whether the State met is burden of proof at trial.
¶ 20. In Nix’s case, the incident occurred on September 25, 2005. The victim testified that she was seventeen years old at the time of trial-January 9, 2007. Her date of birth was never introduced at trial, and she did not testify regarding her age at the time of the offense. Fifteen months had elapsed between the date of the incident and Nix’s trial. Depending upon the victim’s birth date, she easily could have been sixteen years old at the time of the offense, which fails to satisfy the statute’s requirement that the victim be under the age of sixteen.[8] Officer Manning testified that the victim was “a 14- or 15-year-old black female.” Officer Manning’s testimony also is insufficient to prove the victim’s age at the time of the offense. Indeed, the State failed to place any evidence before the jury for it to determine the victim’s age at the time of the incident beyond a reasonable doubt.
¶21. The majority mentions that “defense counsel referred to the victim as a ‘fifteen-year-old girl.’ ” Maj. Op. at 42. The majority, however, conveniently ignores an important rule of law: statements and arguments made by counsel are not evidence. See Walker v. State, 913 So.2d 198, 240 (¶ 157) (Miss.2005). The majority also, in footnote five, gives the impression that evidence of the victim’s date of birth was in fact introduced. That impression is misleading. The relevant question is what evidence regarding the victims’s date of birth was placed before the jury. The answer to that question is absolutely none. Any evidence of the victim’s date of birth presented after the jury has returned its verdict is irrelevant and of absolutely no probative value. In Washington, the Court stated that:
The references to the attorneys and judge agreeing that the child is under the age of fourteen is a separate and irrelevant question from whether the state put on proof, before the jury, sufficient to sustain a verdict that beyond a reasonable doubt, the victim was under the age of fourteen.
Washington, 645 So.2d at 919 (emphasis added). Evidence of the victim’s age that is presented outside the presence of the jury is insufficient to meet the State’s burden of proof. Id. At trial, the State, not Nix, bore the burden to prove every ele *46 ment of the offense beyond a reasonable doubt. It failed to do so.
¶ 22. The circuit court erred by denying Nix’s PCR. Based on the testimony presented at trial, the evidence was insufficient for a rational juror to determine beyond a reasonable doubt the victim’s age at the time of the offense. Nix has proved that he is entitled to relief. Because the State failed to prove an essential element of the offense at trial, I would reverse and render Nix’s conviction and sentence on the charge of touching a child for lustful purposes.[9]
KITCHENS AND CHANDLER, JJ., JOIN THIS OPINION.

. "If a defendant is charged with sexual battery ... then age of the victim is a critical element of the charge. Failure to prove the victim’s age can be fatal to a conviction.” Jeffrey Jackson and Mary Miller, 3 Encyclopedia of Mississippi Law § 23:101 (2001) (emphasis added).

. While the victim testified that she was seventeen years old on the date of trial, her testimony did not establish that she was less than sixteen years old on the date of the charged incident. It is just as probable that she could have been seventeen on the day of trial and sixteen on the date of the incident as it is probable that she could have been seventeen on the date of trial and less than sixteen on the date of the incident.

. The majority suggests that to reverse and render the case is incorrect, and we should, as done in Washington, reverse and remand the case to the trial court. In regard to the disposition of this case, the majority is wrong. The law is clear:
Our law is that the burden of proof is upon the State to prove each element of the crime. If it fails in so doing, the defendant is entitled to an acquittal on the offense charged....
Warren v. State, 709 So.2d 415, 420 (¶ 25) (Miss.1998) (citations omitted) (emphasis added). Because the State failed to prove each element of the offense, the appropriate remedy is to reverse and render the case.