# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-KM-00342-COA

**JOE CLYDE TUBWELL A/K/A ROBERT TUBWELL A/K/A JOE TUBWELL**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/10/2022 |
| TRIAL JUDGE: | HON. GERALD W. CHATHAM SR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOE CLYDE TUBWELL (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | AFFIRMED - 04/04/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., GREENLEE AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1.     Joe Tubwell appeals his misdemeanor conviction for a child-restraint violation imposed under Mississippi Code Annotated section 63-7-301(1)(b) (Rev. 2013). Finding no reversible error, we affirm.

## FACTS

¶2.     On July 28, 2015, Officer Nathan Ryan with the Southaven Police Department stopped a truck being driven by Tubwell. Officer Ryan testified that as he drove along an access road in front of a Walmart, he passed Tubwell's truck headed in the opposite direction. Officer Ryan observed a child seated on Tubwell's lap as Tubwell operated the vehicle. After following Tubwell from the access road to another street nearby named

Southcrest Parkway, Officer Ryan initiated a traffic stop. In addition to observing Tubwell and the child seated on Tubwell's lap, Officer Ryan saw one other adult and two more children seated inside the single-cab truck. Officer Ryan stated that although all three children appeared young enough to require a car seat, none of the children were properly restrained. Based on his personal observations and his experience as both a law enforcement officer and a father, Officer Ryan determined that the child seated on Tubwell's lap was less than seven years old, was under four feet, nine inches tall, and weighed less than sixty-five pounds. As a result, Officer Ryan issued Tubwell a citation for violating Mississippi's child-restraint statute.

¶3. Following a trial, the municipal court in Southaven, Mississippi, found Tubwell guilty of a child-restraint violation under section 63-7-301(1)(b). Tubwell appealed from the municipal court's judgment. After conducting a trial de novo, the DeSoto County County Court affirmed the municipal court's judgment. Following Tubwell's appeal from the county court's judgment, the DeSoto County Circuit Court affirmed the judgment and sentence. Aggrieved, Tubwell appeals.

**DISCUSSION**

¶4. Tubwell challenges the sufficiency of the evidence supporting his misdemeanor conviction under section 63-7-301(1)(b). Specifically, Tubwell argues the circuit court erred by finding sufficient evidence existed to establish the following: (1) that he was driving on a public roadway, street, or highway at the time of the traffic violation and (2) that the child seated on his lap was at least four years old but less than seven years old.

2

¶5. We apply de novo review to a challenge to the sufficiency of the evidence. *Sims v. State*, 329 So. 3d 528, 534 (¶20) (Miss. Ct. App. 2021). Relevant to Tubwell's appeal, our caselaw holds that

> [w]hen reviewing a challenge to the sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The issue on appeal is not whether the reviewing court would have found the defendant guilty; rather, the conviction must be affirmed if there was sufficient evidence for any rational trier of fact to have rendered a guilty verdict.

*Bradford v. State*, 337 So. 3d 277, 281 (¶13) (Miss. Ct. App. 2022) (citation and internal quotation marks omitted).

¶6. Tubwell was found guilty of violating section 63-7-301(1)(b), which provides that

> [e]very person transporting a child in a passenger motor vehicle operated on a public roadway, street[,] or highway within this state, shall provide for the protection of the child by properly using a belt positioning booster seat system meeting applicable federal motor vehicle safety standards if the child is at least four (4) years of age, but less than seven (7) years of age and measures less than four (4) feet nine (9) inches in height or weighs less than sixty-five (65) pounds.

¶7. On appeal, Tubwell argues that Officer Ryan issued him a traffic citation for a violation that occurred on the access road in front of Walmart. Tubwell contends that the unnamed access road failed to constitute "a public roadway, street[,] or highway" as contemplated by the statute. Although Officer Ryan testified that he initially observed Tubwell commit the traffic violation on the access road, he further testified that the violation continued as Tubwell drove onto Southcrest Parkway, where he then conducted the traffic stop. Based on Officer Ryan's undisputed testimony, and viewing the evidence in the light

most favorable to the prosecution, we conclude there was sufficient evidence for the trier of fact to find that the prosecution proved this statutory element beyond a reasonable doubt.

¶8. Tubwell also asserts the prosecution failed to sufficiently establish that the child seated on his lap was "at least four (4) years of age, but less than seven (7) years of age" as required by section 63-7-301(1)(b). Our caselaw recognizes that "[a]ge may be adequately proven by testimony." *Nix v. State*, 126 So. 3d 40, 41 n.1 (Miss. 2013) (quoting *Watson v. State*, 100 So. 3d 1034, 1038 (¶8) (Miss. Ct. App. 2012)). In *Nix*, the defendant "was convicted of touching a child for lustful purposes and kidnapping." *Id.* at (¶1). On appeal from an order denying his motion for post-conviction collateral relief (PCR), Nix argued "that the State failed to prove beyond a reasonable doubt an essential element of touching a child for lustful purposes—the victim's age at the time of the offense." *Id.* At Nix's trial, the responding officer testified that the victim was "a 14 or 15-year-old female[,]" though the basis for this belief was unclear. *Id.* at (¶5). In affirming the denial of Nix's PCR motion, the Mississippi Supreme Court noted that the police officer's testimony did not conflict with the victim's testimony, the defense raised no objection to the officer's testimony, and the officer's testimony about the victim's age was not refuted. *Id.* As with the standard of review applicable here, the *Nix* court recognized that the relevant inquiry in addressing the defense's trial motion for a directed verdict had been "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime[, including the victim's age,] beyond a reasonable doubt." *Id.* at 42 n.2. (citation omitted).

4

¶9. Much like the responding officer in *Nix*, here, Officer Ryan provided uncontradicted testimony regarding the age of the child seated on Tubwell's lap. Officer Ryan testified that in accordance with the statutory requirement, the child at issue appeared to have been younger than seven years old, under four feet, nine inches in height, and less than sixty-five pounds in weight. Officer Ryan based his determination on his firsthand observation of the child and the other two children in the vehicle, his personal experience as a father, and his nearly two decades of professional experience as a law enforcement officer. As the record reflects, Tubwell raised no objection to Officer Ryan's testimony about the age of the child.

¶10. Although best practice might dictate an expansion of the evidentiary record through the interrogatory tools and testimonial opportunities available to prosecutors, we are mindful of the standard of review applicable to this issue. Thus, after viewing the evidence in the light most favorable to the prosecution, we find that Officer Ryan's uncontradicted testimony sufficed to meet the minimum evidentiary threshold necessary to affirm Tubwell's conviction on appeal.

## CONCLUSION

¶11. Because we find that sufficient evidence supported Tubwell's misdemeanor conviction, we affirm the circuit court's judgment.

¶12. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR. McDONALD, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

5