KING, C.J.,
 

 for the Court.
 

 ¶ 1. On July 31, 2003, Eric S. Berry pled guilty to the criminal information and was sentenced to serve twenty-five years in the custody of the Mississippi Department of Corrections (MDOC) with ten years to serve and fifteen years suspended followed by five years of post-release supervision. Berry filed a motion for post-conviction relief, which the trial court summarily dismissed. Aggrieved, Berry appeals raising the following issue: whether Berry’s guilty plea to the criminal information rather than an indictment was improper under
 
 *138
 
 the Fifth and Fourteenth Amendments to the United States Constitution and Article 3, Section 27 of the Mississippi Constitution.
 

 ¶ 2. Finding no error, we affirm the trial court’s dismissal of Berry’s motion for post-conviction relief.
 

 FACTS
 

 ¶ 3. On July 31, 2003, Berry was charged with armed robbery. Berry waived a formal indictment and pled guilty to the criminal information. The Circuit Court of Forrest County sentenced Berry to twenty-five years in the custody of the MDOC, with fifteen years suspended and ten years to serve followed by five years of post-release supervision. On July 21, 2006, Berry filed a motion for post-conviction relief to vacate and set aside his sentence. On June 4, 2007, the trial court summarily dismissed Berry’s motion for post-conviction relief.
 

 ¶ 4. Aggrieved, Berry timely filed this appeal.
 

 DISCUSSION
 

 Whether Berry’s guilty plea by criminal information was improper.
 

 ¶ 5. Berry admits that on July 31, 2003, he executed a waiver of indictment and pled guilty to the offense of armed robbery pursuant to the criminal information. However, Berry now argues that his guilty plea to the criminal information was contrary to the requirements of the United States Constitution and the Mississippi Constitution. He argues that having pled guilty to the criminal information rather than an indictment, his guilty plea was involuntary and the resulting sentence was illegal.
 

 ¶ 6. Among the protections contained in the Fifth Amendment to the United States Constitution is the requirement that a defendant not be subjected to trial or punishment for a felony offense unless first indicted by a grand jury. However, courts have recognized that this protection may be waived by a defendant.
 
 See State v. Berryhill,
 
 703 So.2d 250, 258(¶ 31) (Miss.1997).
 

 ¶ 7. Article 3, Section 27 of the Mississippi Constitution requires an indictment for felony offenses, but it allows for criminal proceedings by criminal information where a defendant represented by counsel has waived indictment by sworn statement. That section provides:
 

 No person shall, for any indictable offense, be proceeded against criminally by information, except in cases arising in the land or naval forces, or the military when in actual service, or by leave of the court for misdemeanor in office or where a defendant represented by counsel by sworn statement waives indictment; but the legislature, in cases not punishable by death or by imprisonment in the penitentiary, may dispense with the inquest of the grand jury, and may authorize prosecutions before justice court judges, or such other inferior court or courts as may be established, and the proceedings in such cases shall be regulated by law.
 

 ¶ 8. A properly executed waiver of indictment vests the trial court with full authority to dispose of the felony offense for which indictment was waived.
 
 See Williams v. State,
 
 708 So.2d 1358, 1364(¶ 30) (Miss.1998). Berry does not dispute that he executed the waiver. Indeed, he affirmatively acknowledges that he was represented by counsel and executed the waiver of indictment. However, Berry now argues that his resulting guilty plea should be found involuntary due to his assumption that he would not be subject to
 
 *139
 
 a mandatory sentence if he waived indictment.
 

 ¶ 9. Whether the plea of guilty is to an indictment or upon criminal information, the Court still looks to the requirements of Rule 8.04(A)(3) and (4) of the Uniform Rules of Circuit and County Court to determine if a guilty plea is voluntary. The rule requires that the guilty plea not be the result of fear or improper inducements and that the trial court determine that: (1) the defendant was competent and understood the charges against him; (2) the defendant understood the consequences of his guilty plea and the maximum and minimum sentences; and (3) the defendant understood the rights waived by his guilty plea.
 

 ¶ 10. Berry does not argue that his guilty plea was the product of fear or improper inducement or that the trial court failed to meet any of the obligations of Rule 8.04. Instead, he argues that the trial court should have informed him of the mandatory nature of the sentence for armed robbery and that he would not earn credit off of his sentence for good conduct. While the trial court is required to explain the range of sentences, it is not required under Rule 8.04 to discuss with a defendant whether he has any entitlement to early release to obtain a valid guilty plea.
 
 Robinson v. State,
 
 964 So.2d 609, 613(¶ 16) (Miss.Ct.App.2007);
 
 Hall v. State,
 
 800 So.2d 1202, 1205(¶ 6) (Miss.Ct.App.2001).
 

 ¶ 11. Berry also asserts that Mississippi Code Annotated section 99-19-3 (Rev. 2007) would preclude his punishment, particularly the imposition of a mandatory sentence, absent an indictment. Section 99-19-3(1) provides:
 

 Except as provided in subsection (2) of this section, a person indicted for a criminal offense shall not be convicted thereof, unless by confession of his guilt in open court or by admitting the truth of the charge against him by his plea, or by the verdict of a jury accepted and recorded in court. A person charged with an offense shall not be punished therefor unless legally convicted thereof in a court having jurisdiction of the cause and of the person.
 

 Section 99-19-3(1) applies when a defendant has been indicted for an offense. Since Berry waived the indictment and pled guilty to the criminal information, clearly section 99-19-3 has no applicability to his case.
 

 ¶ 12. Lastly, Berry seems to fault the State for not introducing the weapon used in the armed robbery. Had this case gone to trial, there was no affirmative obligation to introduce into evidence the alleged weapon.
 
 See Hobson v. State,
 
 730 So.2d 20, 28(¶ 30) (Miss.1998). In
 
 Hobson,
 
 the defendant made an argument similar to the argument raised by Berry. The Mississippi Supreme Court held as follows:
 

 Hobson also complains about the failure of police to search Hobson’s house for a gun, the State’s failure to call Perry McAbee as a witness, and the lack of results from blood analysis of the victim’s blood samples, fingerprint analysis from the victim’s car, and the gunshot residue test taken from McAbee. The State was not required to present any of this evidence at trial. Hobson does not assert any discovery violations in this case, and he could have introduced any of the above evidence if he found it to be exculpatory. Direct evidence is not necessary to support a conviction, but in this case the State did present direct evidence in the form of Stone’s testimony. Stone’s eyewitness account was sufficient to support a prima facie case of murder. We will not reverse based upon the lack of physical evidence presented at Hobson’s trial.
 

 Id.
 
 (internal citations omitted).
 

 ¶ 13. In this case, it is important to note the distinction that Berry pled
 
 *140
 
 guilty. A valid guilty plea waives the obligation to actually present formal testimony and introduce exhibits.
 
 See Rush v. State,
 
 749 So.2d 1024, 1028(¶ 16) (Miss.1999). Obviously, since Berry pled guilty, the State did not have an obligation to present the alleged weapon at his plea hearing.
 
 See id.
 

 ¶ 14. Therefore, we find that Berry’s guilty plea to the criminal information was not a violation of the Fifth and Fourteenth Amendments to the United States Constitution or Article 3, Section 27 of the Mississippi Constitution; thus, the decision of the trial court was proper.
 

 ¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
 

 LEE AND MYERS, P.JJ., GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. IRVING AND BARNES, JJ., CONCUR IN RESULT ONLY.