RUSSELL, J.,
for the Court:
¶ 1. Louis Watson Jr. appeals the Grenada County Circuit Court’s order denying his motion for post-conviction relief (PCR). On appeal, Watson claims: (1) he did not admit to knowingly and intentionally committing statutory rape; (2) the State failed to prove his age or the age of the victim; (3) he did not knowingly and voluntarily enter his guilty plea; (4) the circuit court erred in not ordering a mental examination and subsequent competency hearing before accepting his guilty plea; and (5) he received ineffective assistance of counsel. Finding no error, we affirm the circuit court’s denial of Watson’s PCR motion.
FACTS AND PROCEDURAL HISTORY
¶ 2. Watson was indicted for statutory rape under Mississippi Code Annotated section 97-3-65(l)(b). On January 11, 2010, Watson pleaded guilty and was sentenced to a term of twenty years imprisonment in the custody of the Mississippi Department of Corrections. On March 24, 2011, Watson filed a PCR motion. On May 11, 2011, the Grenada County Circuit Court entered an order denying Watson’s motion. From this order, Watson now appeals.
STANDARD OF REVIEW
¶ 3. This Court will not disturb the circuit court’s dismissal of a PCR motion unless the decision is clearly erroneous. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). For issues involving questions of law, the applicable standard of review is de novo. Id. (citing Pace v. State, 770 So.2d 1052, 1053 (114) (Miss.Ct.App.2000)).
DISCUSSION
I. Whether Watson admitted to knowingly and intentionally committing rape.
¶ 4. Watson claims he is entitled to post-conviction relief because he never *1037 stated that he knowingly and intentionally committed the crime of statutory rape. Statutory rape is committed when “[a] person of any age has sexual intercourse with a child who: (i)[i]s under the age of fourteen (14) years; (ii)[i]s twenty-four (24) or more months younger than the person; and (iii)[i]s not the person’s spouse.” Miss.Code Ann. § 97-3-65 (Supp.2012).
¶ 5. During his plea hearing, Watson agreed to the factual basis provided by the State. A review of the transcript shows the following colloquy between the circuit court, the State, and Watson.
STATE: ... Louis Watson, on or about between January 1, 2009, and July 16, 2009, here in Grenada County, Mississippi, within the jurisdiction of this Court, ... did willfully, unlawfully and feloniously have sexual intercourse with [Jane Doe],[1] a child under the age of 14 years, at a time when the said child was 24 or more months younger than Louis Watson, and was not his spouse, in violation of the law being [s]eetion 97-3-65-1(b)....
[[Image here]]
After he was arrested and was advised it was time to plead the fifth, he admitted to having sex with the child on several occasions.
COURT: Mr. Watson, you’ve heard the facts the State would intend to prove at trial if the case were to go to trial. Do you agree with those facts?
WATSON: Yes, sir.
COURT: Are you pleading guilty to the crime of statutory rape because you are, in fact, guilty?
WATSON: Yes, sir.
II6. A factual basis may be established by an admission of the defendant. Wilkerson v. State, 89 So.3d 610, 615 (¶ 18) (Miss.Ct.App.2011) (citing Jones v. State, 976 So.2d 407, 411-12 (¶ 10) (Miss.Ct.App.2008)). Here, Watson did not dispute the facts presented by the State, nor did he offer any evidence to contradict the State’s factual basis. The victim was fourteen years old when she delivered a stillborn child in July 2009 that Watson admitted to fathering. Watson was nineteen years old at the time of his plea in January 2010. Based on Watson’s own in-court affirmation of the State’s factual basis, and his admission of guilt, Watson’s contention that he never admitted to knowingly and intentionally committing statutory rape is without merit.
II. Whether the State failed to prove Watson’s age or the age of the victim.
¶ 7. Watson contends that his age and the age of the victim at the time of the crime were never proven by the State by introduction of a birth certificate. When the court asked for his age on the date of the plea hearing, Watson stated he was nineteen years old. The State presented evidence of the victim’s age at the plea hearing, which Watson did not contest.
STATE: In this particular case, [Jane Doe], the 14-year-old[ ]child, was admitted to the — went to the emergency room at Grenada Hospital in — labor and had a stillborn child on July 16, 2009. [Jane] said that the father of the child was the defendant, Louis Watson. A sample of his blood was obtained through a search warrant, [and] sent to GenQuest DNA laboratories for analysis. It came back that the probability [was] that he was the father[;] the DNA matched[;] and it was to ... 99.999999991%.
COURT: Mr. Watson, you’ve heard the facts the State would intend to prove *1038 at trial if the case were to go to trial. Do you agree with those facts?
WATSON: Yes, sir.
¶ 8. A victim’s birth certificate is not required to prove the statutory-rape element of age. Wright v. State, 856 So.2d 341, 344 (¶ 9) (Miss.Ct.App.2003). Age may be adequately proven by testimony. Id. (citing Taylor v. State, 744 So.2d 306, 319 (¶ 54) (Miss.Ct.App.1999)). The record shows that the age of the victim was established without objection by Watson. Watson’s contention that the State failed to prove the age element of statutory rape is without merit.
III. Whether Watson’s plea was knowingly and voluntarily given.
¶ 9. Watson argues that his guilty plea was not a voluntary plea, but instead was the result of coercion. “A guilty plea is valid where it is entered into voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences.” Carroll v. State, 963 So.2d 44, 46 (¶ 8) (Miss.Ct.App.2007)(quotations omitted).
¶ 10. The defendant bears the burden of proving the invalidity of a guilty plea by a preponderance of the evidence. Williams v. State, 31 So.3d 69, 74 (¶ 13) (Miss.Ct.App.2010) (citing Terry v. State, 839 So.2d 543, 545 (¶7) (Miss.Ct.App.2002)). “ ‘It is [the defendant’s] duty to justify his arguments of error with a proper record, which does not include mere assertions in his brief, or the trial court will be considered correct.’ ” Dearman v. State, 910 So.2d 708, 711 (¶8) (Miss.Ct.App.2005). Further, “Solemn declarations in open court carry a strong presumption of verity.” Mason v. State, 42 So.3d 629, 632 (¶ 7) (Miss.Ct.App.2010) (quoting Baker v. State, 358 So.2d 401, 403 (Miss.1978)).
¶ 11. A review of the transcript shows that Watson was thoroughly interrogated by the court to ensure that his guilty plea was freely and voluntarily given.
COURT: Now, has anybody offered you a reward, hope of reward, promise, money[,] or anything of value to get you to plead guilty?
WATSON: No, sir.
COURT: Has anybody threatened you[,] or frightened you[,] or forced you against your will into entering this plea of guilty?
WATSON: No, sir.
COURT: Is this plea of guilty your free and voluntary act?
WATSON: Yes, sir.
COURT: Did any outside influences come upon you to cause you to plead guilty?
WATSON: No, sir.
COURT: So you’re pleading guilty because this is what you want to do; is that correct?
WATSON: Yes, sir.
[[Image here]]
COURT: And again, this is your free and voluntary act in pleading guilty; is that correct?
WATSON: Yes, sir.
¶ 12. “In assessing the volun-tariness of a plea, the thoroughness of the trial court’s interrogation during the plea colloquy ⅛ the most significant evidence of all.’ ” Woods v. State, 71 So.3d 1241, 1244 (¶ 9) (Miss.Ct.App.2011) (quoting Gardner v. State, 531 So.2d 805, 809-810 (Miss.1988)). There is no evidence in the record to indicate that Watson’s plea was invalid. This Court cannot find that Watson’s bare assertions in his brief overcome the strong presumption that his sworn statements in court were true. Watson’s contention that his guilty plea was unknowing and involuntary is without merit.
*1039 IV. Whether the circuit court erred in not ordering a mental examination and subsequent competency hearing before accepting Watson’s guilty plea.
¶ 18. Watson argues that the court violated Rule 9.06 of the Mississippi Uniform Rules of County and Circuit Court by failing to order a mental examination and subsequent competency hearing before accepting his guilty plea. We disagree.
¶ 14. Under Rule 9.06, the circuit court must order a mental evaluation and conduct a competency hearing if the it has “reasonable ground to believe that the defendant is incompetent to stand trial.” Magee v. State, 914 So.2d 729, 735 (¶ 14) (Miss.Ct.App.2005). ‘What constitutes ‘reasonable ground’ ... rests largely within the discretion of the trial judge.” Goff v. State, 14 So.3d 625, 644 (¶ 66) (Miss.2009). “On review, the pertinent question is whether ‘the trial judge received information which, objectively considered, should reasonably have raised a doubt about the defendant’s competence and alerted [the judge] to the possibility that the defendant could neither understand the proceedings, appreciate their significance, nor rationally aid his attorney in his defense.’ ” Harden v. State, 59 So.3d 594, 601 (¶ 14) (Miss.2011) (quoting Goff 14 So.3d at 644 (¶ 66)).
¶ 15. Based on a review of the plea colloquy, no reasonable ground existed which would have required the circuit court to order a mental examination.
COURT: Now, how old are you?
WATSON: Nineteen.
COURT: How far have you gone in school?
WATSON: 12th grade.
COURT: Can you read and write?
WATSON: Yes, sir.
COURT: Did you read this petition to enter a plea of guilty and go over it with [your attorney]?
WATSON: Yes, sir.
COURT: And when you went over it with your attorney, did you understand the contents of the petition?
WATSON: Yes, sir.
COURT: And are you under the influence of any drugs or alcohol or intoxicants?
WATSON: No, sir.
COURT: Do you have any disabilities of mind or problems with your thought processes or problems that would in any way interfere with your ability to understand the proceedings.
WATSON: No, sir.
¶ 16. There is nothing in the record that would call Watson’s competency into question. Based on Watson’s own testimony, there was no indication that the circuit court should have ordered a mental examination and competency hearing. This issue is without merit.
V. Whether Watson received ineffective assistance of counsel.
¶ 17. To establish a claim of ineffective assistance of counsel, a criminal defendant must show, under the totality of the circumstances, that (1) his counsel’s performance was deficient, and (2) the deficiency deprived him of a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); see also Thomas v. State, 883 So.2d 1197, 1199 (¶ 12) (Miss.Ct.App.2004) (citing Jackson v. State, 815 So.2d 1196 (¶8) (Miss.2002)).
¶ 18. Watson’s basis for his ineffective-assistance-of-counsel claim is that his attorney allegedly failed to advise him as to the elements of proof; failed to object when the court accepted his guilty plea *1040 and imposed a sentence without determining whether he knew the elements or charges; failed to advise him as to any defenses; failed to investigate the facts prior to advising him to enter a guilty plea; and failed to advise him of the minimum and maximum punishments.
¶ 19. A review of the record shows these allegations are unfounded. Watson’s plea hearing and signed plea petition both reveal that Watson was advised of the elements of the offense and the maximum and minimum sentence. During his plea hearing, Watson was questioned by the court concerning the representation that he received from his attorney.
COURT: Now, have you had an opportunity to go over the charges that have been brought against you with your attorney[?]
WATSON: Yes, sir.
COURT: Has she advised you of the elements of the crime of statutory rape; that being the facts the State would have to prove before you are found guilty?
WATSON: Yes, sir.
COURT: Has she also discussed with you any possible defenses you might have to the charge?
WATSON: Yes, sir.
COURT: Has she met the expectations of what you believe a lawyer representing you in this case should do for you?
WATSON: Yes, sir.
COURT: Are you completely and totally satisfied in all respects with the representation you have received from [your attorney]?
WATSON: Yes, sir.
¶ 20. To establish a claim of ineffective assistance of counsel, Watson was required to show that but for his counsel’s errors, he would not have pled guilty to the crime, would have proceeded to trial, and the ultimate outcome would have been different. Henderson v. State, 89 So.3d 598, 602 (¶ 15) (Miss.Ct.App.2011). When a defendant’s assertions of ineffective assistance of counsel “are substantially contradicted by the court record of the proceedings that led up to the entry of the judgment of guilt,” the circuit court may disregard such assertions. Cole v. State, 918 So.2d 890, 895 (¶14) (Miss.Ct.App.2006) (citing White v. State, 818 So.2d 869, 371 (¶ 4) (Miss.Ct.App.2002)). Here, Watson’s assertions are completely contradicted by the record.
¶ 21. The “trial court may dismiss a motion for post-conviction relief if the petitioner fails to submit affidavits in support of his allegations, thereby supporting his position with only his bare assertions.” Mayhan v. State, 26 So.3d 1072, 1076 (¶ 10) (Miss.Ct.App.2009) (citing Hamberlin v. State, 995 So.2d 142, 145-46 (¶ 11) (Miss.Ct.App.2008)). Watson presented no evidence or affidavits to support his allegation of ineffective assistance of counsel. Watson has no basis to show his counsel was ineffective, other than his bare assertions. This issue is without merit.
CONCLUSION
¶ 22. When examining a PCR motion, the circuit court must consider “[t]he original motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack[.] [I]f it plainly appears from the face of the motion ... that the movant is not entitled to any relief, the judge may make an order for its dismissal^]” Miss.Code Ann. § 99-39-11 (Supp.2012). As shown above, each of Watson’s arguments are completely contradicted by the record. Therefore, we affirm the circuit court’s denial of Watson’s PCR motion.
*1041 ¶ 23. THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.

. The name of the minor has been changed for the purpose of protecting her identity.