LEE, C.J.,
for the Court:
¶ 1. Alton Neal appeals the Lauderdale County Circuit Court’s denial of his motion for postconviction relief (PCR). Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On November 22, 2011, Neal pleaded guilty to one count of aggravated domestic violence and was - sentenced to twenty years in the custody of the Mississippi Department of Corrections, with ten years suspended and five years of supervised probation after completion of ten years in custody.
¶ 3. On December 23, 2013, Neal filed a motion for PCR, which was denied. As a result, Neal filed a pro se appeal asserting: (1) his guilty plea was involuntarily obtained and (2) he received ineffective assistance of counsel. Neal requests that this *381 Court reverse his conviction' or reverse and remand for an evidentiary hearing.
STANDARD OF REVIEW
On review, the pertinent question is whether the trial judge received information which, objectively considered, should reasonably have raised á doubt about the defendant’s competence and ■alerted the judge to the possibility that the defendant could neither understand the proceedings, appreciate their significance, nor rationally aid his attorney in his defense.
¶ 4. “A trial court’s denial of a [PGR motion] will not be reversed absent a finding that the trial court’s decision was clearly erroneous.” Byrne v. State, 30 So.3d 1264, 1265 (¶ 3) (Miss.Ct.App.2010) (citing Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002)). “However, when issues of law are raised, the proper standard of review is de novo.” Id. (citing Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999)).
DISCUSSION
I. Voluntariness of Plea
¶ 5. For a guilty plea to be valid, it must be made “voluntarily and intelligently.” Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). “A plea is deemed Voluntary and intelligent’ only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea.” Id. Specifically, a defendant must be advised of the maximum and minimum sentences that may be imposed and that a guilty plea involves a waiver of certain constitutional rights. Id.
¶6. “The defendant bears the burden of proving the inválidity of a guilty plea by a preponderance of the, evidence.” Watson v. State, 100 So.3d 1034, 1038 (¶ 10) (Miss.Ct.App.2012) (citing Williams v. State, 31 So.3d 69, 74 (¶ 13) (Miss.Ct. App.2010)). “In assessing the voluntariness of a plea, the thoroughness of the trial court’s interrogation during the plea colloquy ‘is the most significant evidence of all.’ ” Id. at (¶ 12) (quoting Woods v. State, 71 So.3d 1241, 1244 (¶ 9) (Miss.Ct.App. 2011)). The defendant may not rely on bare assertions in his brief. Id. at (¶ 10).
A. Minimum and Maximum Sentences
"¶ 7. Neal claims he was not properly advised as'to the nature of the charge against him and the consequences of his guilty plea. Specifically, Neal claims he was not advised, of the possible minimum and maximum sentences that might have been imposed.
¶ 8. However, the trial court asked Neal the following questions during the plea colloquy: , .
COURT: All right. You have been indicted in yo.ur case, Mr.- Neal, on a charge of aggravated domestic violence. Do you understand that if convicted of that felony, you could be sentenced to’’serve not less than two years, nor more than 20 years with the'Mississippi Department of Corrections and you also could be fined from zero to $10,000? Do ydu understand that[1]!
NEAL: Yés, Your Honor.
COURT: And it is your desire to plead guilty to the charge of aggravated domestic violence; is that correct?
NEAL: Yes, Your Honor.
COURT: [Your petition] sets out certain constitutional rights or guarantees that you and every defendant are entitled to receive if you were to plead not guilty and you went to trial. But by pleading guilty this morning, you will *382 be giving up each of these rights-under Paragraph 5, because you will not have a trial. Do you understand that?
NEAL: -Yes, sir.
COURT: Have you read Paragraph 5 in [its] entirety?
NEAL: Yes, Your Honor.
COURT: Have you gone over each of those rights with your attorney?
NEAL: Yes, Your Honor.
COURT: Did your attorney explain each of these rights to you and answer any questions you might have had concerning these rights?,
NEAL: Yes, Your Honor.
-COURT: All right. Do you now understand each of these rights under Paragraph 5 that you are giving up at this time by pleading guilty?
NEAL: Yes, Your Honor.
COURT: And this is what you want to do?
NEAL': Yes, Your Honor.
¶ 9. There is no evidence in the record to indicate that Neal was not informed of the nature of the charge against him and the consequences of his guilty plea. See Watson, 100 So.3d at 1038 (¶ 12). This Court cannot find that Neal’s bare assertions in his brief overcome the strong presumption that his sworn statements in court were true. See id. This issue is without merit.
B. Intoxication
¶ 10. Neal also claims that the trial court did not question him as to whether he was intoxicated.
¶ 11. However, the trial court asked Ñeal the following questions during the plea colloquy:
Q: At the. time that your offense occurred, were you under the influence of any illegal drugs or aleohol, beer, wine, whiskey, pills or any other type of intoxicants? ... Mr. Neal, you were- on trazodone and morphine?
A: Yes, Your Honor.
Q: Are ... you on anything, illegal drugs, alcohol-, beer, wine, whiskey[,] pills or any other type of intoxicants right now?
A: Yes, sir.
Q: And what are you on?
A: Morphine, Seroquel, Buspirone, Lortab and a couple of others, Your Honor. " ' '
¶ 12. This exchange refutes. Neal’s claim that he was. not questioned .as to whether he was intoxicated. See id. Again, this Court cannot find that Neal’s bare assertions in his brief overcome the strong presumption that his sworn statements in court were true. Id. This issue is without merit.
II. State of Mind[1]
¶ 13. Neal claims that he was denied due process when the trial court failed to sua sponte conduct an evidentiary hearing as to his mental state at the time of the crime.
¶ 14. “There are two distinct instances in which a defendant’s ... state of mind may become relevant: (1) at the time of the crime, or (2) at trial or the guilty-plea hearing." Montalto v. State, 119 So.3d 1087, 1093 (¶ 12) (Miss.Ct.App. 2013). State of mind at the time of the crime relates to a defendant’s past mental state, while competence to enter a guilty *383 plea refers to a defendant’s present mental capacity. Id.
¶ 15. We believe Neal intended to assert that the trial court erred 'when it failed to conduct a competency hearing as to his mental capacity at the time of the guilty plea.[2] We will address the issue accordingly.
¶ 16. “Under [Uniform Rule of Circuit and County Court] 9.06, the circuit court must order a mental evaluation and conduct a competency hearing if .,. it has ‘reasonable ground to believe that the defendant is incompetent to stand trial.’ ” Watson, 100 So.3d at 1039 (¶ 14) (quoting Magee v. State, 914 So.2d 729, 735 (¶ 14) (Miss.Ct.App.2005)). “What constitutes reasonable ground rests largely within the discretion of the trial judge.” Id. (quoting Goff v. State, 14 So.3d 625, 644 (¶ 66) (Miss.2009)).
Id. (quoting Harden v. State, 59 So.3d 594, 601 (¶ 14) (Miss.2011)).
¶ 17. The trial court asked Neal the following questions during the plea colloquy:
COURT: At the time that your offense occurred, were you under the influence of any illegal drugs or alcohol, beer, wine, whiskey, pills or any other type of intoxicants? ... Mr. Neal, you were on trazodone and morphine?
NEAL: Yes, Your Honor.
COURT: Are ... you on anything, illegal drugs, alcohol, beer, wine, whiskey[,] pills or any other type of intoxicants right now?
NEAL: Yes, sir.
COURT: And what are you on?
NEAL: Morphine; Seroquel, Buspirone, Lortab and a couple of others, Your Honor.
COURT: Okay. Those are prescribed medications? ■
NEAL: Yes, Your Honor.
COURT: And that’s for your post-traumatic stress disorder and your bipolar and panic disorder; is that correct?
NEAL: Yes, sir. ■
COURT: And you’re taking those as prescribed?
NEAL: Yes, Your Honor.
¶ 18. Based on Neal’s own sworn statements in court, and absent any evidence to the contrary, there was no indication that the trial court should have ordered a mental examination and competency hearing. This issue is without merit.
III. Ineffective Assistance of Counsel
¶ 19. Neal. claims that his trial counsel was ineffective when he failed to independently investigate the facts and circumstances of Neal’s case, and if his trial counsel had conducted a minimal investigation, the result would have been different. Specifically, Neal claims his trial counsel’s failure to disclose his posttraumatic stress disorder, panic attacks, and bipolar disorder prevented the trial court from inquiring further into his mental capacity.
¶ 20. In order to prevail on an ineffective-assistance-of-counsel claim, Neal must show: (1) his counsel’s performance was deficient, and (2) the . deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because Neal challenges a guilty plea based on ineffective assistance of counsel, he must show “counsel’s errors proximately resulted in the guilty plea, and, but for counsel’s error, he would not have entered the guilty plea.” Deloach v. State, 937 So.2d 1010, 1011 (¶ 5) (Miss.Ct.App.2006). *384 When a defendant’s assertions' of ineffective assistance of counsel are substantially contradicted by the court record of the proceedings, the court may disregard such assertions. Elliott v. State, 41 So.3d 701, 709 (¶ 25) (Miss.Ct.App.2009).
¶ 21. A review of the record shows that Neal’s posttraumatie stress disorder, panic attacks, and bipolar disorder were in fact disclosed to the trial court during Neal’s guilty plea hearing. Furthermore, Neal stated during his sentencing hearing: “[T]he medication I was’taking was maintaining my stability.”
¶ 22. During the plea colloquy, the trial court asked Neal the following:
COURT: Are you satisfied with the legal services rendered to you and on your behalf by your attorney?
NEAL: Yes, Your Honor.
COURT: Do you feel like your attorney has done all that any attorney should do in representing you and defending you in your ease?
NEAL: Yes, Your Honor.
¶ 23. Neal’s claim that he received ineffective assistance of counsel is substantially contradicted by his own sworn statements in court. See id. Additionally, Neal presented no evidence or affidavits to support his allegation of ineffectivé assistance of counsel. Watson, 100 So.3d at 1040 (¶ 21), Neal has no basis to show his counsel was ineffective, other than his bare assertions.[3] Id. This issue is without merit.
, IV. Additional Issues
¶ 24. In his brief, Neal raises additional issues that were not included in his PCR motion. Neal claims: (1) the trial court did not understand the guilty plea; (2) the court reporter failed to provide the complete copy of the transcripts;[4] and (3) the cost of transcription should. have been $2.40 per page as opposed to $4.00. As Neal did not raise these issues in his PCR motion, he is barred from raising them on appeal. Wallace v. State, 982 So.2d 1027, 1033 (¶ 27) (Miss.Ct.App.2008).
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUD-ERDALE COUNTY.
. IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR. GREENLEE, J., NOT PARTICIPATING.

. Neal addressed this issue as part of Issue I. For the sake of clarity, we will' address it as a separate issue.

. As stated, Neal addressed this issue as part of the involuntariness-of-plea issue. Furthermore, Neal references the plea agreement and plea colloquy in support of his argument.

. Neal includes an.affidavit executed by his fiancée, Cynthia Phillips, on April 30, 2015. However, the affidavit merely states that Neal has a medical issue; Neal’s medication causes him to sleep most of the day; and Neal relies on Phillips for driving, cooking, and administering his medication.

. Neal claims the court reporter failed to, include the guilty-plea-hearing transcript; however, this Court received both the guilty-plea-hearing transcript as well as the sentencing-hearing transcript.