# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01503-COA

**BRYAN F. FARIS A/K/A BRYAN FARIS**  **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/02/2015 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS JR. |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BRYAN F. FARIS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 11/15/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND WILSON, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.    Bryan Faris pled guilty to possession of a stolen firearm in violation of Mississippi Code Annotated section 97-37-35 (Rev. 2014).  Almost three months later, he filed a motion for post-conviction relief (PCR), seeking to set aside his guilty plea and conviction.  Faris claimed that: (1) the trial court had no jurisdiction because he was not indicted for possession of a stolen gun; (2) he did not plead guilty voluntarily or knowingly because he was under the influence of medication and was of limited intelligence and understanding when he entered the plea; and (3) his counsel was ineffective because counsel let him plead guilty under such circumstances.  The trial judge dismissed the PCR motion without an evidentiary

hearing.  Finding no error, we affirm.

## FACTS

¶2.     In March 2015, Faris pled guilty to a criminal information charging him with possession of a stolen shotgun, which he had pawned shortly after it had been stolen.[1]  Faced with three pending indictments, he signed a waiver of indictment, signed a petition to plead guilty to the criminal information charge, and was extensively questioned by the trial court during a formal plea colloquy.

¶3.     The trial judge accepted Faris's guilty plea and sentenced him to five years in the custody of the Mississippi Department of Corrections, to be served "day for day" and not to be reduced nor suspended but with credit for the sixteen months he had served awaiting trial. The sentence also provided he was not to become eligible for parole or probation, nor for any weekend or overnight passes.

## STANDARD OF REVIEW

¶4.     The circuit court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief."  Miss. Code Ann. § 99-39-11(2) (Rev. 2015).  To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally

---

[1] He had been indicted on January 29, 2014, for three felonies, one of which embraced his possession of a stolen shotgun. The indictments were not pursued and, upon imposition of the sentence in the matter before us, were "retired to the files."

alive. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

¶5.     When reviewing the denial of a PCR motion, an appellate court "will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Callins v. State*, 975 So. 2d 219, 222 (¶8) (Miss. 2008). Our review of the summary dismissal of a PCR motion, a question of law, is de novo. *Young*, 731 So. 2d at 1122 (¶9).

¶6.     When a petitioner has sought and been denied an order setting aside his guilty plea based on incompetence because of mental deficiencies, drug and/or alcohol use, or similar impediments to his understanding the consequences of his plea, on review, the pertinent question is whether the trial judge received information which, objectively considered, should reasonably have raised a doubt about the defendant's competence and alerted the judge to the possibility that the defendant could neither understand the proceedings, appreciate their significance, nor rationally aid his attorney in his defense. *Neal v. State,* 186 So. 3d 378, 381 (¶3) (Miss. Ct. App. 2016).

## DISCUSSION

### 1.     Charge by Criminal Information

¶7.     Faris was charged under a criminal information rather than an indictment. When an offender seeks acceptance of a guilty plea, a criminal information may be used in lieu of an indictment. *Berry v. State,* 19 So. 3d 137, 139 (¶7) (Miss. Ct. App 2009). However, the defendant must be represented by counsel and have waived the indictment by a sworn statement. *Id*.

3

¶8.    Here, the trial judge strictly followed the *Berry* guidelines.  Faris sought acceptance of a guilty plea.  Representation by counsel and waiver of indictment are each contained in a written document signed by both Faris and his counsel, as well as contained in his plea colloquy:

> Q:    Now when you plead guilty to a criminal information, like you're doing this afternoon, did you know you give up the right to have this case presented to the grand jury?
>
> A:    Yes, sir.

¶9.    Thus, Faris's claim of the invalidity of the criminal information as his charging instrument is without merit.

### 2.    Voluntariness of Faris's Plea

¶10.    Faris asserts that his plea was not knowing or voluntary because he was under the influence of prescription medication at the time he made it.  But at his plea hearing the following exchange between Faris and the trial judge took place:

> Q:    Today are you under the influence of any illegal drugs or alcohol or undergoing mental treatment at this time[?]
>
> A:    I'm on antidepressants.
>
> Q:    What are you taking, Xanax or something like that?
>
> A:    No, sir, I take Buspirone, Trazodone.
>
> Q:    Anything about those that would keep you from understanding what we are talking about[?]
>
> A:    No, [s]ir.

4

¶11.    In *Neal,* 186 So. 3d 378, the petitioner had made the same claim.  Under questioning by the trial court, Neal had admitted that at the time of his offense he was under the influence of Trazadone and morphine.  *Id*. at 382 (¶12).  Then, the following exchange ensued:

> Q:    Are you on anything, illegal drugs, alcohol, beer, wine, whiskey, pills or any other type of intoxicants *right now*?
>
> A:    Yes, sir.
>
> Q:    And what are you on?
>
> A:    Morphine, Seroquel, Buspirone, Lortab and a couple of others, Your Honor.

*Id*. (emphasis added).

¶12.    In *Neal* we noted:

> "The defendant bears the burden of proving the invalidity of a guilty plea by a preponderance of the evidence."  *Watson v. State*, 100 So. 3d 1034, 1038 (¶10) (Miss. Ct. App. 2012) (citing *Williams v. State*, 31 So. 3d 69, 74 (¶13) (Miss. Ct. App. 2010)).  "In assessing the voluntariness of a plea, the thoroughness of the trial court's interrogation during the plea colloquy 'is the most significant evidence of all.'"  *Id*. at (¶12) (quoting *Woods v. State*, 71 So. 3d 1241, 1244 (¶9) (Miss. Ct. App. 2011)).  The defendant may not rely on bare assertions in his brief.  *Id*. at (¶10).

*Neal,* 186 So. 3d at 381 (¶6).

¶13.    Thus, in *Neal* we held that "this Court cannot find that Neal's bare assertions in his brief overcome the strong presumption that his sworn statements in court were true." *Id.* at 382 (¶9).  For the same reason, Faris's claim lacks merit.

### 3.    Effectiveness of Counsel

¶14.    To prove his counsel was ineffective, Faris must show (1) his counsel's performance

was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. A strong but rebuttable presumption exists that counsel's performance was effective. *Gilley v. State*, 748 So. 2d 123, 129 (¶20) (Miss. 1999). "To overcome this presumption, 'the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*. (quoting *Strickland*, 466 U.S. at 694). Moreover, "the trial court may dismiss a motion for post-conviction relief if the petitioner fails to submit affidavits in support of his allegations" of ineffective assistance; the petitioner's bare assertions are insufficient. *Mayhan v. State*, 26 So. 3d 1072, 1076 (¶10) (Miss. Ct. App. 2009).

¶15. Faris failed to provide any evidence showing that his counsel's performance was deficient. Further, Faris explicitly represented to the Court in his plea petition and during his plea colloquy that he was satisfied with his attorney's services. Therefore, we find this issue is without merit.

¶16. **THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**